## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

**Civil Action Number:**

ANCEL MONTENELLI,

      Plaintiff,

vs.

LOS COMALES DE MELROSE PARK, INC.
d/b/a Los Comales Restaurant
and SERGIO SUAREZ,

      Defendants.

---

## COMPLAINT

---

Plaintiff Ancel Montenelli, by and through his undersigned counsel, hereby sues Defendant Los Comales de Melrose Park, Inc. doing business as Los Comales Restaurant and Defendant Sergio Suarez for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") 28 C.F.R. Part 36 and the Illinois Human Rights Act ("ILHRA") as codified at 775 ILCS 5 and alleges as follows:

### JURISDICTION

1.      This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189.  This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2.      Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Northern District of Illinois.

3.     The remedies provided by Illinois Statute §740 (the Illinois Human Rights Act 775 ILCS Sec 1-102) are not exclusive, and state administrative remedies need not be exhausted in connection with suits brought under the ADA.

4.     All events giving rise to this lawsuit occurred in the State of Illinois. Venue is proper in this Court as the premises are located within the jurisdiction of this Court.

## PARTIES

5.     Ancel Montenelli (hereinafter referred to as "Plaintiff") is a resident of the state of Illinois. The Plaintiff is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Thus, Plaintiff suffers from what constitutes a "qualified disability" under the Americans with Disabilities Act ("ADA"). The Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D).

6.     Defendant Los Comales de Melrose Park, Inc. (also referenced as "Defendant Los Comales de Melrose Park, Inc.," "tenant," "operator," or lessee") is the owner of a family friendly restaurant under the "Los Comales Restaurant" franchise (and brand), which is open to the public.

7.     Defendant Los Comales de Melrose Park, Inc. is authorized to conduct, and is conducting, business within the State of Illinois and within the jurisdiction of this court.

8.     Defendant Los Comales de Melrose Park, Inc.'s Los Comales Restaurant provides services and accommodations which subject it to ILHRA of the Illinois Statutes.

9.      Defendant Sergio Suarez (also referenced as "Lessor," or "Owner," "Defendant Owner," or "Defendant Suarez") is the owner of a the building located at 2110 West Lake Street, Melrose Park, Illinois. The building houses is a restaurant called "Los Comales," which is referenced throughout as "Los Comales Restaurant," "building," or "place of public accommodation."

10.     Defendant Suarez leases space within its building to co-Defendant Los Comales de Melrose Park, Inc. (the lessee). The Lessee in turn operates the Los Comales Restaurant within that leased space.

11.     Defendant Suarez is authorized to conduct, and is conducting business within the State of Illinois.

## FACTS

12.     At all times material hereto, Defendant Los Comales de Melrose Park, Inc. (also referenced as "Defendant Los Comales" or "Defendant Operator") has been leasing commercial space within Defendant Sergio Suarez's building.

13.     Defendant Los Comales utilizes the commercial space  for the operation of its Los Comales Restaurant.

14.     The Los Comales Restaurant is open to the general public and therefore is a place of public accommodation pursuant to 42 U.S.C. §12181(7)(B) as: "[A] restaurant, bar, or other establishment serving food or drink". The Los Comales Restaurant is also referenced throughout as "Los Comales Restaurant," "restaurant," or "place of public accommodation."

15.     As the operator of a restaurant which is open to the public, Defendant Los Comales is defined as a "Public Accommodation" within meaning of Title III because

3

Defendant Los Comales is a private entity which owns, or operates a restaurant as defined in 42 U.S.C. §12182, §12181(7)(B); 28 C.F.R. §36.104 and the Illinois Civil Rights Act, codified as Title XLIV.

16.     As the owner and lessor (to others) of commercial space which is open to the general public as a restaurant, Defendant Suarez is also defined as a "Public Accommodation" within meaning of Title III because Defendant Suarez is a private entity which owns and/or leases to others "[A] restaurant, bar, or other establishment serving food or drink"; 42 U.S.C. §12182, §12181(7)(B); 28 C.F.R. §36.104 and the Illinois Civil Rights Act, codified as Title XLIV.  That commercial space is also referred to throughout a "place of public accommodation," "building," or "Subject Facility."

17.     On April 21, 2017 Plaintiff personally visited Defendant Los Comales' Los Comales Restaurant (which is located within Defendant Suarez's building) to purchase a meal.

18.     The Plaintiff was denied full and equal access to the restaurant because the Defendants fail to provide designated handicap (ADA) parking (spaces) within its parking lot.

19.     Further, the restroom within the Los Comales Restaurant is/was not designed to accommodate Plaintiff and Plaintiff's wheelchair.

20.     In addition, the door hardware on the toilet stall made the toilet compartment inaccessible and the door pressure for the restroom is/was too heavy for Plaintiff (in his wheelchair) to independently maneuver.

21.     As such, the Plaintiff was denied full and equal access to, and full and equal enjoyment of, the facilities of the Los Comales Restaurant by the operator/lessee of

that restaurant (Defendant Los Comales) and by the owner/lessor of that building which houses the restaurant (Defendant Suarez).

22.     As a result of the joint and several discrimination by Defendant Los Comales and Defendant Suarez, the Plaintiff has suffered loss of dignity, mental anguish, physical harm, and other tangible injuries and has suffered an injury-in-fact.

23.     The Plaintiff continues to desire to patronize the Los Comales Restaurant which is within Defendant Suarez's building, but continues to be injured in that he continues to be discriminated against due to the architectural barriers which remain at the Los Comales Restaurant, in violation of the ADA.

24.     Any and all requisite notice has been provided.

25.     The Plaintiff has been obligated to retain the civil rights law office of Scott R. Dinin, P.A. and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred.   Plaintiff is entitled to recover those attorney's fees, costs and expenses from the Defendant pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

26.     The Americans with Disabilities Act ("ADA") is landmark Civil Rights legislation that is the result of decades of advocacy to improve the lives and role in society of all persons with disabilities.  The ADA was enacted and effective as of July 26, 1990.  The ADA legislation has been protecting disabled persons from discrimination due to disabilities for 25 years.  As such, all public accommodations and facilities have had adequate time for compliance.

27.     Congress found, among other things, that:

(i)     some 43,000,000[1] Americans have one or more physical

---

[1] According to the 2010 Census, 56.7 million people, or 19% of the population had a disability.

or mental disabilities, and this number shall increase as the population continues to grow older;

(ii)     historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;

(iii)     discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public services and public facilities;

(iv)     Individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, failure to make modifications to existing facilities and practices. Exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, benefits, or other opportunities; and,

(v)     the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our country is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. §12101(a)(1)-(3), (5) and (9).

28.     Congress explicitly stated that the purpose of the ADA was to:

(i)      provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)     provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(iii)     invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

29.     Defendant Sergio Suarez is subject to the provisions of 42 U.S.C. §12181(7)(B) and 28 C.F.R. §36.104 because it is the owner and lessor of a building (real property) which houses a restaurant (operated by Defendant Los Comales) which is open to the public and is therefore a place of public accommodation. As such, the owner of the building[2] which leases the retail space and the operator of the restaurant[3] is jointly and singularly governed by the ADA, and must be in compliance therewith.

30.     Defendant Suarez (owner/lessor of the building) and the attendant operator of the restaurant named Los Comales Restaurant (Defendant Los Comales) have discriminated against disabled patrons (in derogation of 28 C.F.R. Part 36).

31.     Defendant Suarez (the owner/lessor) and Defendant Los Comales (the lessee and operator of the restaurant named Los Comales Restaurant) have discriminated (and continue to discriminate) against the Plaintiff (and others who are similarly situated) by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at the restaurant, in derogation of 42 U.S.C. §12101 *et. seq*., and as prohibited by 42 U.S.C. §12182 *et. seq*. by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

32.     Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at the restaurant.

_____

[2] Defendant Sergio Suarez
[3] Defendant Los Comales de Melrose Park, Inc.

33.     Prior to the filing of this lawsuit, the Plaintiff personally visited the building owned by Defendant Suarez (lessor) and the place of public accommodation therein specifically the Los Comales Restaurant operated by Defendant Los Comales (the lessee), with the intention of patronizing that restaurant for the purpose of purchasing and eating a meal therein.  But (as an individual with a disability who utilizes a wheelchair for mobility), the Plaintiff has been denied adequate accommodation by virtue of being unable to independently enter the restaurant from the parking lot, purchase his meal, and to utilize the restroom within the restaurant due do those area's inaccessible features, and therefore suffered an injury in fact.

34.     Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

35.     The commercial space which is owned by Defendant Suarez (owner/lessor) which houses the Los Comales Restaurant is operated by Defendant Los Comales (tenant/lessee). This commercial space is in violation of 42 U.S.C. §12181 *et. seq.,* the ADA and 28 C.F.R. §36.302 *et. seq.,* and both the owner/lessor and the tenant/lessee are discriminating against the Plaintiff as a result of <u>inter alia</u>, the following specific violations:

i.     As to Defendant Los Comales (the lessee and operator of the restaurant) and Defendant Suarez (owner/lessor of the building housing the restaurant) (jointly

and severally): failure to provide designated handicap (ADA) parking space(s) within the Subject Facility's parking lot, in violation of the 2010 Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, Section 208.1 and 208.2.

ii.     As to Defendant Los Comales (the lessee and operator of the restaurant) and Defendant Suarez (owner/lessor of the building housing the restaurant) (jointly and severally): failure to provide an accessible bathroom, due to the inappropriate width of the door at the facility's restroom entrance location, the door width is less than that delineated at 28 C.F.R. Part 36, Section 4.13.6 and Fig. 25; see 2010 ADA Standards for Accessible Design.

iii.    As to Defendant Los Comales (the lessee and operator of the restaurant) and Defendant Suarez (owner/lessor) (jointly and severally): the handle on the bathroom toilet compartment door was inaccessible; failure to provide door hardware which is accessible to the disabled, in violation of the 2010 ADA Standards for Accessible Design which requires that handles pulls and latches must have hardware in a shape that is easy to grasp with one hand as required by 28 C.F.R. Part 36 Section 4.13.9.

iv.     As to Defendant Los Comales (the lessee and operator of the restaurant) and Defendant Suarez (owner/lessor) (jointly and severally): failure to provide an accessible entrance to the restaurant bathroom due to the excessive weight of the door at the bathroom entrance, the door opening force shall is greater than that delineated at 28 C.F.R. Part 36, Section 4.13.11; 2010 ADA Standards for Accessible Design. The door represents an insurmountable barrier to independent

entry to the restaurant by the Plaintiff and other individuals who use wheelchairs or electronic scooters.

v.   As to Defendant Los Comales (the lessee and operator of the restaurant) and Defendant Suarez (owner/lessor) (jointly and severally): the entrance of the restaurant does not have signage displaying the international symbol for accessibility, in violation of 28 C.F.R. Part 36 and ADA Code §216.6.

36.   More access barrier violations may be present, which will be determined and proven through the discovery process.

37.   Pursuant to the ADA, 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, the Defendants (and each of them) are required to make the building and the restaurant housed therein accessible to persons with disabilities since January 28, 1992. The property owner/lessor Defendant Suarez and the lessee (operator of the restaurant) Defendant Los Comales have jointly and severally failed to comply with this mandate.

38.   Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to alter the restaurant therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the restaurant until the requisite modifications are completed.

**WHEREFORE,** Plaintiff Ancel Montenelli hereby demands judgment against the property lessor (owner of the building) Defendant Sergio Suarez and the lessee (operator of the restaurant) Defendant Los Comales de Melrose Park, Inc. and requests the following injunctive and declaratory relief:

a)    The Court declares that the property owner/lessor Defendant Sergio Suarez and the lessee/operator Defendant Los Comales de Melrose Park, Inc. are violative of the ADA and order the restaurant to be closed to the public until such time as it is deemed by this Court to be accessible;

b)    The Court enter an Order requiring the property owner/lessor Defendant Sergio Suarez and the lessee/operator Defendant Los Comales de Melrose Park, Inc. to alter the restaurant such that it is accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

c)    The Court enter an Order directing the owner/lessor Defendant Sergio Suarez and the lessee/operator Defendant Los Comales de Melrose Park, Inc. to evaluate and neutralize their policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the parties (jointly and severally) to undertake and complete corrective procedures to the building and the attendant business (restaurant) therein;

d)    The Court award reasonable attorney's fees, compensatory damages, all costs (including, but not limited to court costs and any expert fees), and other expenses of suit, to the Plaintiff, and the Court award reasonable costs and attorneys fees; and

e)    The Court awards such other and further relief as it deems necessary, just and proper.

## COUNT II - VIOLATION OF ILLINOIS HUMAN RIGHTS ACT

39.    The owner/lessor Defendant Sergio Suarez and Defendant Los Comales de

Melrose Park, Inc. (the lessee/operator of the restaurant) have violated the Illinois Human Rights Act ("ILHRA"), as codified at 775 ILCS 5.

40.     The ILHRA provides that all individuals within the state of Illinois shall be free from discrimination based upon physical or mental disabilities; 775 ILCS 5/1-102 §1-102(A).

41.     The Plaintiff suffers from a disability included within the definition of disability as delineated within the ILHRA, which states that [a] disability means a determinable physical or mental characteristic of a person including a characteristic which may result from disease, injury, or congenital condition of birth or a functional disorder; 775 ILCS 5/1-103 §1-103(I).

42.     Defendant Sergio Suarez (as lessor and owner) and Defendant Los Comales de Melrose Park, Inc. (as lessee and operator) own and/or operate a restaurant which is a place of public accommodation, as defined within 775 ILCS 5/5-101(A)(2).

43.      The ILHRA states that it is a civil rights violation for any person to discriminate in the provision of enjoyment of facilities, goods, and services in any public place of accommodation; 775 ILCS 5/5-102(A).

44.     The violations of Illinois law were deliberate and knowing.

45.     Under the ILHRA, as codified at 775 ILCS 5/8, the Plaintiff is entitled to file a civil action against the Defendants in accordance with the code of civil procedure.

        **WHEREFORE,** Plaintiff Ancel Montenelli respectfully prays that this Court grant the following relief against Sergio Suarez (as lessor and owner) and Defendant Los Comales de Melrose Park, Inc. (as lessee and operator) including damages costs and reasonable attorney's fees and for the following injunctive relief and

declaratory relief:

a)      A declaration that the Sergio Suarez (as lessor and owner) and
Defendant Los Comales de Melrose Park, Inc. (as lessee and operator) have
owned and/or operated the Subject Facility in violation of the ILHRA and have
violated 775 ILCS 5 et. seq in that the Defendants failed to consider and
accommodate the needs of disabled persons to the full extent required by
Illinois law.

b)      An Order mandating that Defendants undertake and complete
corrective measures to provide equal access to individuals with disabilities
within a reasonable time;

c)      An Order mandating that Defendants expeditiously make all
reasonable and appropriate modifications to the Subject Facility to ensure that
persons with disabilities are no longer excluded, denied access, segregated or
otherwise discriminated against or treated differently than from the general
public;

d)      Award damages including but not limited to mental anguish, loss of
dignity, and any other intangible injuries;

e)      Award reasonable costs and attorneys fees; and

f)      Award any and all other relief that may be necessary and appropriate.

Dated this 12th day of April, 2019.

Respectfully submitted,

s/Scott Dinin
Scott R. Dinin, Esq.
Scott R. Dinin, P.A.
4200 NW 7th Avenue
Miami, Florida 33127
Tel: (786) 431-1333
Fax: (786) 513-7700
inbox@dininlaw.com
Counsel for Plaintiff